THE PENNSYLVANIA RAILROAD COMPANY, PROSECUTOR,
v. THE BOARD OF PUBLIC UTILITY COMMISSIONERS
OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued May 17, 1935—Decided September 11, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *W. Holt Apgar.*

For the respondent, *John A. Bernhard.*

PER CURIAM.

The board of public utility commissioners by its order dated September 20th, 1930, initiated a proceeding directed toward the elimination of the grade crossing of the Pennsylvania Railroad Company at Oak Tree road, Iselin, township of Woodbridge. The decision of the board was dated March 6th, 1934, and the order was issued on March 22d, 1934. The order directed the Pennsylvania Railroad Company to substitute for the grade crossing an underpass in accordance with plans perfected by the board and incorporated in the order. On October 18th, 1934, the railroad company applied for and obtained a rule to show cause why a writ of *certiorari* should not issue to review that order. This is the return of the rule.

The reasons, printed in the state of case, upon which prosecutor seeks the writ are six in number, but all revolve, as does the prosecutor's brief, around two prepositions, namely, first, that the last testimony taken in the matter by the board was

on June 29th, 1931, and that between that time and the date of the order conditions incident to the elimination of the crossing had materially changed, wherefore, as is said, there was no competent evidence upon which the order could be based, and, second, that the prosecutor is under financial stress.

We find no evidence of changed conditions. Prosecutor considers that the court should take judicial notice of an increase in the cost of materials and of labor during the period mentioned; but we think that if there were changes in construction costs and that these changes had material bearing upon the issue the matter should have been one of proof before us. Prosecutor states that it was not permitted, before the determination, to submit testimony addressed to the construction scheme incorporated in the order. It is true that no hearings were called or conducted by the board after June 20th, 1931; but prosecutor knew full well that the proceedings were pending, and if it considered that the testimony taken was outmoded by the march of events, it was at liberty at any time up to the final determination to seek the privilege of submitting further testimony. It did not seek that opportunity. Prosecutor's assistant engineer in the New York zone, in charge of general designing and estimating, including construction work, before the making of the board's decision and about February 28th, 1934, was given a copy of the plan and made an estimate of the costs. With that full knowledge the prosecutor, although later directed by the order of March 22d, 1934, to begin the actual course of construction on or before May 1st, 1934, and to carry on the same continuously until completion, allowed months to pass without objection of any character either as to plan or cost. It did, on June 6th, 1934, apply for an extension of time to be in and complete the project. On June 13th, 1934, the board denied the application. On July 17th, 1934, the prosecutor presented a petition, later withdrawn, for a rehearing, and that petition, while it attacked the engineering features and the costs of the board plan, did not set up that the plan was adopted without a hearing, or that there had been meanwhile a change of conditions. That seems to have been the last step

taken until application for the present rule in the month of October.

The proofs and the argument make clear that prosecutor's 'real purpose is to carry along the proceedings until it shall be in better financial position. We sympathize with purpose upon which to issue a writ of *certiorari*. Much of the delay between the time of the hearings and the making of the decision and the order was due to the financial pressure to which both the state and the railroad company were subjected; and for that delay the prosecutor expresses its grateful appreciation.

The board of public utility commissioners had jurisdiction of the subject-matter. Unquestionably there was evidence to support its determination. That determination appears to us to have been reasonable and not to have infringed property rights. We find no arguable question upon which a writ should issue.

.The rule is discharged, with costs.